BLOCK *v.* TERRY.

5-1019                                        291 S. W. 2d 520

Opinion delivered June 25, 1956.

*Talley & Owens* and *William L. Blair,* for appellant.

*Dave E. Witt,* for appellee.

SAM ROBINSON, Associate Justice. This is a suit by real estate agents for a commission. It is alleged that

the principal violated his contract to sell; a jury was waived; the court held against the agents and they have appealed.

Raymond E. Block, Sam A. Block and Lewis S. Block, doing business as the Block Realty Company, entered into an agreement with John W. Terry to sell for Terry Lot 10, Block 3, Sheldon's Addition to the City of Little Rock, for the price of $8,500. Appellants were to receive $425 as their commission. Appellants obtained as purchasers for the property Samuel Wilkins and his wife, Molice; but the Wilkins' offer of purchase was conditioned on their obtaining an $8,000 loan. In preparing to make the loan the lending agency had the lot surveyed, and it was discovered that a driveway used by the occupants of Lot 10 was not located altogether on that lot, but part of the driveway was on the adjoining Lot 9, which is owned by the father and mother of John W. Terry, appellee. Before the lending agency would complete the loan to Wilkins, it required that the owners of Lot 9 execute an easement on that part of the lot on which the driveway was situated. The owners of Lot 9 refused to give an easement, and the sale of Lot 10 was not completed.

It is contended by the real estate agents that the deal fell through because appellee Terry refused to convey Lot 10, but the finding of the court that the actual reason for the sale not being completed was that no easement could be obtained on Lot 9 is supported by substantial evidence. The record is convincing that the lending agency would not lend the money to Wilkins to buy the property unless an easement for the driveway was obtained from the owners of Lot 9.

Terry's contract pertained to Lot 10, and he stood ready and willing to convey that lot, but he had made no agreement with reference to Lot 9. He could do nothing about obtaining an easement from the owners of Lot 9, nor did his contract obligate him to do so.

Affirmed.